FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 21, 2018

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

JULIE MARIE L.,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

No. 2:17-CV-00200-RHW

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR FURTHER PROCEEDINGS**

Before the Court are the parties' cross-motions for summary judgment, ECF Nos. 16 & 17. Plaintiff brings this action seeking judicial review, pursuant to 42 U.S.C. § 405(g), of the Commissioner's final decision, which denied her applications for Disability Insurance Benefits and Supplemental Security Income under Titles II & XVI of the Social Security Act, 42 U.S.C §§ 401-434 & 1381-1383F.. After reviewing the administrative record and briefs filed by the parties, the Court is now fully informed. For the reasons set forth below, the Court

**GRANTS** Plaintiff's Motion for Summary Judgment and remands for additional proceedings consistent with this order.

## I. Jurisdiction

Plaintiff filed her applications for Disability Insurance Benefits and Supplemental Security Income on April 25, 2013. AR 15, 204-10. Her amended alleged onset date of disability is September 1, 2012. AR 15, 44. Plaintiff's applications were initially denied on July 19, 2013, AR 146-52, and on reconsideration on October 25, 2013, AR 156-60.

A hearing with Administrative Law Judge ("ALJ") Jesse K. Shumway occurred on October 14, 2015. AR 39-84. On October 27, 2015, the ALJ issued a decision finding Plaintiff ineligible for disability benefits. AR 15-28. The Appeals Council denied Plaintiff's request for review on April 20, 2017, AR 1-4, making the ALJ's ruling the "final decision" of the Commissioner.

Plaintiff timely filed the present action challenging the denial of benefits, on June 16, 2017. ECF No. 5. Accordingly, Plaintiff's claims are properly before this Court pursuant to 42 U.S.C. § 405(g).

## II. Sequential Evaluation Process

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or

can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant shall be determined to be under a disability only if the claimant's impairments are of such severity that the claimant is not only unable to do his previous work, but cannot, considering claimant's age, education, and work experience, engage in any other substantial gainful work that exists in the national economy. 42 U.S.C. § 1382c(a)(3)(B).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled within the meaning of the Social Security Act. 20 C.F.R. §§ 404.1520(a)(4) & 416.920(a)(4); *Lounsburry v. Barnhart,* 468 F.3d 1111, 1114 (9th Cir. 2006).

Step one inquires whether the claimant is presently engaged in "substantial gainful activity." 20 C.F.R. §§ 404.1520(b) & 416.920(b). Substantial gainful activity is defined as significant physical or mental activities done or usually done for profit. 20 C.F.R. §§ 404.1572 & 416.972. If the claimant is engaged in substantial activity, he or she is not entitled to disability benefits. 20 C.F.R. §§ 404.1571 & 416.920(b). If not, the ALJ proceeds to step two.

Step two asks whether the claimant has a severe impairment, or combination of impairments, that significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1520(c) & 416.920(c). A severe impairment is one that has lasted or is expected to last for at least twelve months,

and must be proven by objective medical evidence. 20 C.F.R. §§ 404.1508-09 & 416.908-09. If the claimant does not have a severe impairment, or combination of impairments, the disability claim is denied, and no further evaluative steps are required. Otherwise, the evaluation proceeds to the third step.

Step three involves a determination of whether any of the claimant's severe impairments "meets or equals" one of the listed impairments acknowledged by the Commissioner to be sufficiently severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526 & 416.920(d), 416.925, 416.926; 20 C.F.R. § 404 Subpt. P. App. 1 ("the Listings"). If the impairment meets or equals one of the listed impairments, the claimant is *per se* disabled and qualifies for benefits. *Id.* If the claimant is not *per se* disabled, the evaluation proceeds to the fourth step.

Step four examines whether the claimant's residual functional capacity enables the claimant to perform past relevant work. 20 C.F.R. §§ 404.1520(e)-(f) & 416.920(e)-(f). If the claimant can still perform past relevant work, the claimant is not entitled to disability benefits and the inquiry ends. *Id.*

Step five shifts the burden to the Commissioner to prove that the claimant is able to perform other work in the national economy, taking into account the claimant's age, education, and work experience. *See* 20 C.F.R. §§ 404.1512(f), 404.1520(g), 404.1560(c) & 416.912(f), 416.920(g), 416.960(c). To meet this

burden, the Commissioner must establish that (1) the claimant is capable of performing other work; and (2) such work exists in "significant numbers in the national economy." 20 C.F.R. §§ 404.1560(c)(2); 416.960(c)(2); *Beltran v. Astrue,* 676 F.3d 1203, 1206 (9th Cir. 2012).

### III. Standard of Review

A district court's review of a final decision of the Commissioner is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited, and the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1144, 1158-59 (9th Cir. 2012) (citing § 405(g)). Substantial evidence means "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir.1997) (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)) (internal quotation marks omitted). In determining whether the Commissioner's findings are supported by substantial evidence, "a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (quoting *Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989)).

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the ALJ. *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992). If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012); *see also Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (if the "evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the conclusion must be upheld"). Moreover, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Molina*, 674 F.3d at 1111. An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id.* at 1115. The burden of showing that an error is harmful generally falls upon the party appealing the ALJ's decision. *Shinseki v. Sanders*, 556 U.S. 396, 409–10 (2009).

### IV. Statement of Facts

The facts of the case are set forth in detail in the transcript of proceedings and only briefly summarized here. Plaintiff was 43 years old at the alleged date of onset. AR 27, 204. She has a high school education and a two year college degree in medical transcription and she is able to communicate in English. AR 27, 809. Plaintiff has a history of drug use, including marijuana, methamphetamine, and

crack cocaine. AR 22, 810. Plaintiff has past work as a medical transcriptionist, community support specialist, in-home caregiver, and telemarketer. AR 26, 242.

## V. The ALJ's Findings

The ALJ determined that Plaintiff was not under a disability within the meaning of the Act from September 1, 2012, through the date of the ALJ's decision. AR 16, 28.

**At step one**, the ALJ found that Plaintiff had not engaged in substantial gainful activity since September 1, 2012 (citing 20 C.F.R. §§ 404.1571 *et seq.* & 416.971 *et seq.*). AR 17.

**At step two**, the ALJ found Plaintiff had the following severe impairments: lumbar degenerative disc disease, bilateral ankle pain with recurrent sprains, obesity, depression, anxiety, post-traumatic stress disorder, and pain disorder (citing 20 C.F.R. §§ 404.1520(c) & 416.920(c)). AR 17.

At **step three**, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. § 404, Subpt. P, App. 1. AR 19.

**At step four**, the ALJ found Plaintiff had the residual functional capacity to perform light work, except: she can stand/walk only four hours out of an eight-hour workday, and requires the option to alternate between sitting, standing, and walking at 30-minute intervals; she can only occasionally climb ramps/stairs,

balance, stoop, kneel, crouch, crawl, and she can never climb ladders, ropes, or scaffolds; she cannot have concentrated exposure to vibration or hazards, such as unprotected heights and moving mechanical parts; she is limited to simple, routine tasks and detailed tasks, but cannot perform complex tasks; she can have only occasional contact with the general public, coworkers, and supervisors; and she can tolerate only occasional changes in the work environment. AR 21.

The ALJ found that Plaintiff is unable to perform her past relevant work. AR 26.

**At step five**, the ALJ found, in light of her age, education, work experience, and residual functional capacity, there are additional jobs that exist in significant numbers in the national economy that Plaintiff can perform. AR 27-28. These include mail clerk, small parts assembler, and electronics assembler. AR 27.

### VI. Issues for Review

Plaintiff argues that the Commissioner's decision is not free of legal error and not supported by substantial evidence. Specifically, she argues the ALJ erred because: (1) the ALJ improperly evaluated the medical opinion evidence; and (2) the ALJ improperly discredited Plaintiff's subjective complaint testimony.

\\

\\

\\

## VII. Discussion

**A. The ALJ erred in evaluating some of the medical opinion evidence.**

    a. Legal Standard.

The Ninth Circuit has distinguished between three classes of medical providers in defining the weight to be given to their opinions: (1) treating providers, those who actually treat the claimant; (2) examining providers, those who examine but do not treat the claimant; and (3) non-examining providers, those who neither treat nor examine the claimant. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996) (as amended).

A treating provider's opinion is given the most weight, followed by an examining provider, and finally a non-examining provider. *Id*. at 830-31. In the absence of a contrary opinion, a treating or examining provider's opinion may not be rejected unless "clear and convincing" reasons are provided. *Id*. at 830. If a treating or examining provider's opinion is contradicted, it may only be discounted for "specific and legitimate reasons that are supported by substantial evidence in the record." *Id*. at 830-31.

The ALJ may meet the specific and legitimate standard by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989) (internal citation omitted). When rejecting a treating

provider's opinion on a psychological impairment, the ALJ must offer more than his or his own conclusions and explain why he or she, as opposed to the provider, is correct. *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988).

### b. William M. Shanks, M.D.

Dr. Shanks is an examining doctor who completed an evaluation for the Department of Social and Health Services in March 2013. AR 1231-39. Dr. Shanks opined that Plaintiff is restricted to a light to sedentary level of activity and she had marked limitations in her ability to perform the work related activities of sitting, standing, walking, lifting, carrying, handling, stooping, and crouching. AR 1232, 1237.

The ALJ did not completely reject this opinion, in fact the ALJ found the opinion that Plaintiff is restricted to a level of light to sedentary activity to be consistent with the medical evidence of record. AR 24. The ALJ assigned this opinion some weight. *Id*. The ALJ assigned only some weight to this opinion because it is overly broad and generalized since it does not detail Plaintiff's capabilities and restrictions. *Id*. An ALJ need not accept the opinion of a doctor if that opinion is brief, conclusory, and inadequately supported by clinical findings. *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). The regulations define "medical opinions" as "statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of

[a claimant's] impairments(s), including [her] symptoms, diagnosis and prognosis, what [she] can still do despite impairments(s), and [her] physical or mental restrictions." 20 C.F.R. § 416.927(a)(1). As Dr. Shanks' forms provides little explanation or detail regarding Plaintiff's limitations and abilities, this is a valid reason for assigning the opinion some weight. Importantly, the ALJ incorporated the limitations in Dr. Shank's opinion in assessing Plaintiff's residual functional capacity. The ALJ assigned Plaintiff a residual functional capacity of a reduced level of light work, including additional limitations in sitting, standing, walking, climbing, stooping, and crouching. AR 21. Plaintiff does not contend that any additional limitations should be included in the residual functional capacity. Thus, the ALJ's residual functional capacity assessment accounted for the limitations in Dr. Shanks' opinion. *Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1222-23 (9th Cir. 2010) (an ALJ's finding need only be consistent with a doctor's assessed limitations, not identical to them).

When the ALJ presents a reasonable interpretation that is supported by the evidence, it is not the role of the courts to second-guess it. *Rollins*, 261 F.3d 853, 857. The Court "must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina*, 674 F.3d 1104, 1111; *see also Thomas*, 278 F.3d 947, 954 (if the "evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the conclusion

must be upheld"). Thus, the Court finds the ALJ did not err in her consideration of Dr. Shanks' opinion.

### c. W. Scott Mabee, Ph.D.

Dr. Mabee is an examining doctor who completed a psychological evaluation for the Department of Social and Health Services in January 2013. AR 809-18. Dr. Mabee opined that Plaintiff had marked limitations in her abilities to adapt to changes in a routine work setting, complete a normal work day and work week without interruptions from psychologically based symptoms, and maintain appropriate behavior in the work setting. AR 811. Dr. Mabee also opined that Plaintiff has moderate limitations in her ability to understand, remember, and persist in tasks by following very short and simple instructions; perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances without special supervision; make simple work-related decisions; be aware of normal hazards and take appropriate precautions; and communicate and perform effectively in a work setting.

Plaintiff argues that the ALJ erred by not mentioning Dr. Mabee's opinion in the written decision. The Court agrees. As noted above, an ALJ may reject an examining source's opinion that is contradicted by another doctor's opinion only "by providing specific and legitimate reasons that are supported by substantial evidence." *Garrison v. Colvin,* 759 F.3d 995, 1012 (9th Cir. 2014). Here, the ALJ

gave no reasons for not mentioning Dr. Mabee's opinion. That was error. Because a court must give "specific and legitimate reasons" for rejecting a doctor's opinions, it follows even more strongly that an ALJ cannot in its decision totally ignore a doctor and his or her opinion, without even mentioning them. *See id.* ("Where an ALJ does not explicitly reject a medical opinion ... he errs.").

Dr. Mabee's opinion potentially affects the remaining evidence of record, including the other mental medical opinion evidence, Plaintiff's subjective complaint testimony, and the limiting effects of Plaintiff's impairment. Thus, it is error for Dr. Mabee's opinion to not receive consideration. "[A] reviewing court cannot consider [] error harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination." *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1056 (9th Cir. 2006). However, the extent of the effect of Dr. Mabee's opinion is not immediately clear, especially given the fact the Dr. Mabee himself states that the mental examination results reviewed in providing this opinion are invalid due to Plaintiff's over-reporting and exaggeration of her current psychological functioning. AR 810. This may also affect Plaintiff's subjective symptom complaint credibility. Additionally, many of the opined limitations appear to have already been accounted for in Plaintiff's residual functional capacity. Further administrative proceedings are necessary.

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR FURTHER PROCEEDINGS** ~ 13

Because this unaddressed opinion can negatively impact the ALJ's decision and has not been properly considered, remand to the ALJ for further consideration is in order to allow the Commissioner to reconsider its decision in light of Dr. Mabee's medical opinion evidence. On remand, the ALJ must account for Dr. Mabee's report as part of the five-step sequential process.

**B. Remedy.**

The Court has the discretion to remand the case for additional evidence and findings or to award benefits. *Smolen*, 80 F.3d at 1292. The Court may award benefits if the record is fully developed and further administrative proceedings would serve no useful purpose. *Id*. Remand is appropriate when additional administrative proceedings could remedy defects. *Rodriguez v. Bowen*, 876 F.2d 759, 763 (9th Cir. 1989). In this case, the Court finds that further proceedings are necessary for a proper determination to be made.

As the Court finds that remand for additional findings is appropriate, the Court need not address Plaintiff's additional allegations of error. *Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1235 (9th Cir. 2011) ("Remand for further proceedings is appropriate where there are outstanding issues that must be resolved before a disability determination can be made, and it is not clear from the record that the ALJ would be required to find the claimant disabled if all the evidence

were properly evaluated."). Further, Plaintiff's request for an immediate award of benefits is denied as further proceedings are necessary to develop the record.

On remand, the ALJ will issue a new decision that is consistent with the applicable law set forth in this Order. The ALJ will, formally consider the opinion of Dr. Mabee and the limitations set forth within. The ALJ need not reassess the opinion of Dr. Shanks. The ALJ shall reevaluate the mental medical opinion evidence, re-evaluate the claimant's subjective allegations credibility, and obtain supplemental evidence from a vocational expert if necessary. The ALJ shall recalculate the residual functional capacity, considering all impairments, and then evaluate, based on this updated residual functional capacity, Plaintiff's ability to perform past relevant work, as well as work available in the national economy.

## VIII. Conclusion

Having reviewed the record and the ALJ's findings, the Court finds the ALJ's decision is not supported by substantial evidence and contains legal error. Accordingly, **IT IS ORDERED:**

1. Plaintiff's Motion for Summary Judgment, **ECF No. 16**, is **GRANTED in part.**

2. Defendant's Motion for Summary Judgment, **ECF No. 17,** is **DENIED.**

3. The District Court Executive is directed to enter judgment in favor of Plaintiff and against Defendant.

4. This matter is **REMANDED** to the Commissioner for further proceedings consistent with this Order.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order, forward copies to counsel and **close the file**.

**DATED** this 21st day of September, 2018.

<u>s/Robert H. Whaley</u><br>
ROBERT H. WHALEY<br>
Senior United States District Judge